IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MEKAYLA ANDREWS, *as Personal Representative of the Estate of Penny Black, deceased*, Plaintiff, | )<br>)<br>)<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:24-00162-JB-N<br>) |
| KIMBERLY MCPHERSON, *et al.*, Defendants. | )<br>)<br>) |

## ORDER

This civil action is before the Court on the "Motion to Stay Discovery" filed June 6, 2024, by the Defendants (Doc. 8),[1] which requests that the Court stay discovery in this action until the Court has ruled on their pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 4).

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). *See also* Fed. R. Civ. P. 26(a)(1)(C) ("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order…").[2] This

---

[1] The assigned District Judge referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (6/7/2024 electronic reference notation).

[2] The record indicates that the Plaintiff served the Defendants with discovery requests while this case was still pending in state court. However, Rule 26(d)(1)'s general prohibition on discovery applies now that the case has been removed to this

is not an exempt proceeding under Rule 26(a)(1)(B); the Defendants obviously do not stipulate to conducting early discovery; the Court has neither permitted early discovery nor directed that the parties confer under Rule 26(f); there is no indication that the parties have actually conferred under Rule 26(f); and it is not obvious that any other rule authorizes early discovery here. Therefore, because discovery has not commenced, there is no discovery to stay.

Nevertheless, the Defendants have raised the defense of qualified immunity in their pending motion to dismiss, and the undersigned agrees with the authorities cited in the present motion indicating that a defendant who raises a qualified-immunity defense in a motion to dismiss should generally not be required to submit to discovery until that defense is resolved. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 686, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (a plaintiff whose complaint fails to state a claim upon which relief can be granted "is not entitled to discovery, cabined or otherwise"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins." (footnote omitted)). Accordingly, the undersigned construes the present motion to stay discovery as a motion to stay the parties' obligation to confer under Rule 26(f). So construed, the present motion (Doc. 8) is **GRANTED**, and the parties' obligation to conference under Rule 26(f) is **STAYED** until

---

Court. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

otherwise ordered.[3]

      **DONE** and **ORDERED** this the **7th** day of **June 2024**.

                              */s/ Katherine P. Nelson*
                              **KATHERINE P. NELSON**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[3] For the same reasons, the undersigned finds good cause to delay entry of a scheduling order. *See* Fed. R. Civ. P. 16(b)(2).